UNITED STATES of America,
Plaintiff–Appellee,

v.

Scot Phillip BAUER, Defendant–
Appellant.

No. 92–1101.

United States Court of Appeals,
Tenth Circuit.

June 9, 1993.

Richard A. Westfall (Thomas P. Johnson, with him on the briefs), of Davis, Graham & Stubbs, Denver, CO, for defendant-appellant.

James R. Allison (Michael J. Norton, U.S. Atty., with him on the brief), Asst. U.S. Atty., Denver, CO, for plaintiff-appellee.

Before SEYMOUR, BARRETT, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Mr. Bauer appeals a district court order sentencing him to 121 months imprisonment and three years supervised release. Bauer was tried by a jury and convicted on two counts of using interstate commerce facilities with intent that a murder be committed for hire in violation of 18 U.S.C. § 1958. On appeal, he argues that the district court erred in (1) declining to depart downward from the guidelines and (2) adjusting his offense level upward because of his role in the offense. We decline to address the first argument because we lack jurisdiction under 18 U.S.C. § 3742. We exercise jurisdiction over the second argument under 3742 and affirm.

I.

Bauer requested a downward departure from the guidelines, arguing that his conduct constituted a single act of aberrant behavior. We have recognized that a single act of aberrant behavior may justify discretionary de-

parture from the applicable guideline range because it is the kind of mitigating circumstance that the Sentencing Commission did not adequately consider in formulating the guidelines. *See United States v. Pena*, 930 F.2d 1486, 1494–95 (10th Cir.1991). Unlike *Pena*, however, where we affirmed the district court's decision to depart, Bauer challenges the district court's decision not to depart. In particular, Bauer argues that the district court misapplied the guidelines in holding that Bauer's conduct did not constitute a single act of aberrant behavior.

█ It is well established in this circuit that an appellate court generally does not have jurisdiction under § 3742 to review a district court's discretionary refusal to depart downward from the guidelines. *United States v. McHenry*, 968 F.2d 1047, 1048 (10th Cir.1992) (citations omitted). Bauer does not overcome this jurisdictional defect by casting the discretionary departure-related decision as a misapplication of the guidelines cognizable under 18 U.S.C. § 3742(a)(2). *See McHenry*, 968 F.2d at 1048. The refusal to depart downward would be cognizable as a misapplication of the guidelines only if the district judge had failed to depart because he erroneously believed that the guidelines did not authorize him to do so. *See United States v. Soto*, 918 F.2d 882, 883–84 (10th Cir.1990). Here the district judge stated:

> While I recognize that each of the articulated grounds for departure may justify a discretionary departure from the tentative guideline range in appropriate circumstances, I do not believe that the circumstances here merit a departure. In the first place, I do not think defendant's crime can be regarded as a "single" act of aberrant behavior. It was the product of detailed planning which spanned a period of over one month.... [D]efendant recruited accomplices and organized their activities. Defendant's conduct reflects repeated, carefully-orchestrated acts, not 'a spontaneous and seemingly thoughtless act ... for which defendant may be arguably less accountable.'

Because the district judge clearly knew that he was authorized to depart but declined to exercise his discretion to do so, we do not have jurisdiction to review his decision.

## II.

Bauer next contends that the district court erroneously increased his offense level for his role in the offense pursuant to § 3B1.1(c) of the United States Sentencing Guidelines, *Guidelines Manual* (Nov.1992) ("U.S.S.G."). Section 3B1.1(c) provides that "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." U.S.S.G. § 3B1.1(c). We review the district court's factual findings for clear error and its interpretation of the guidelines de novo. *United States v. Pinedo–Montoya*, 966 F.2d 591, 595 (10th Cir.1992). The application of the guidelines to the facts is entitled to due deference. *United States v. Rutter*, 897 F.2d 1558, 1560 (10th Cir.), *cert. denied*, 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990).

█ Bauer argues that the district court erroneously considered evidence regarding his organizational control over Lavon Ritter, who was a government informant and therefore a nonparticipant for purposes of § 3B1.1. The guidelines define a participant as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (*e.g.*, an undercover law enforcement officer) is not a participant." U.S.S.G. § 3B1.1, comment. (n. 1). The district court acknowledged that Ritter was not a participant as defined by the guidelines but, in distinguishing the different aggravating roles defined under § 3B1.1, concluded that § 3B1.1(c) "does not require anybody's participation as a participant so it is not relevant whether Mr. Ritter is counted as a participant in this offense."

█ The district court's interpretation of § 3B1.1(c) was erroneous. All of the roles defined by § 3B1.1 require the involvement of more than one participant. *See United States v. Moore*, 919 F.2d 1471, 1477 n. 4 (10th Cir.1990), *United States v. Reid*, 911 F.2d 1456, 1464 (10th Cir.1990), *cert. denied*, 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991); U.S.S.G. Ch. 3, Pt. B, intro.

comment. Although § 3B1.1(c) does not include the word "participant" as subsections (a) and (b) do, the terms "organizer," "leader," "manager," and "supervisor" used in subsection (c) suggest the presence of participants other than the defendant who were the defendant's underlings or subordinates. *See Reid,* 911 F.2d at 1464.

We conclude, nevertheless, that the district court's error was harmless because the court made factual findings regarding the participation of Richard Elliott. Bauer does not deny that Elliott was a participant as defined by the guidelines, but argues that there is insufficient evidence that he organized or managed Elliott's participation in the criminal activity. We review the district court's finding under the clearly erroneous standard to determine whether it is supported by a preponderance of the evidence. *United States v. Guadalupe,* 979 F.2d 790, 795 (10th Cir.1992). We find sufficient record evidence that Bauer stood to profit the most from the criminal activity and that Bauer tried to recruit Elliott to commit the murders, convinced Elliott to supply the murder weapon, gave Elliott directions on how to retrieve the weapon from a pawn shop, and coordinated Elliott's delivery of the weapon to Ritter. We therefore conclude that the district court's findings were not clearly erroneous and affirm.

We **DISMISS** Bauer's appeal of the district court's refusal to depart downward from the guidelines and otherwise **AFFIRM.**