28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Michael REID, Defendant-Appellant.
 No. 93-5029.
 United States Court of Appeals, Tenth Circuit.
 June 20, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and HOLLOWAY, Circuit Judges, and OWEN,[2] District Judge.
 
 
 2
 Upon mutual consent of the parties, this case has been submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9.
 
 
 3
 Lloyd Michael Reid appeals from the sentence imposed following his guilty plea to two counts of interstate travel in aid of racketeering in violation of 18 U.S.C.1952(a)(3). He contends that the court erred by (1)calculating his offense level under sentencing guidelines for an underlying crime involving crack cocaine; (2)determining the quantity of drugs involved based on the previous testimony of a witness who had lied about her motive in testifying; and (3)enhancing his sentence for possessing a firearm, for obstructing justice, and for his role in the offense. We conclude that the court correctly calculated the quantity of drugs and the offense level. Since the resulting sentencing range exceeds the statutory maximum even without any enhancements, we do not decide whether the enhancements were erroneous, and we affirm Mr. Reid's sentence.
 
 BACKGROUND
 
 4
 This is Mr. Reid's third appeal. His first appeal followed his June 1989 jury trial conviction for "conspiracy to distribute cocaine and maintain a place for drug distribution." United States v. Reid, 911 F.2d 1456, 1458-59 (10th Cir.1990) ("Reid I "), cert. denied, 498 U.S. 1097 (1991). In that appeal, Reid claimed, among other errors, that the government had misinformed him about a proposed pretrial cooperation agreement with its key witness, and that the court had misapplied the sentencing guidelines. We affirmed the conviction and sentence. Reid I fully discusses the factual background, which we will not repeat here.
 
 
 5
 Subsequently, Mr. Reid learned about a March 8, 1990, letter from the government to the state court sentencing judge which urged sentencing leniency for the key witness in consideration of her cooperation. Mr. Reid moved for a new trial based on this newly discovered evidence. The trial court denied his motion, relying on the government's assertion that the witness had not known the letter would be sent. The court found that Reid had suffered no prejudice and had received a fair trial. On Reid's appeal, the government admitted that it had a cooperation agreement with the witness. We concluded that the letter was newly discovered evidence, but without court findings or a transcript of the trial, we could not determine if the court had used the proper standard in denying Reid's motion for a new trial. We therefore vacated the denial and remanded for reconsideration. United States v. Reid, No.91-5140, 1992 U.S.App. LEXIS 11525 (10th Cir. May 12, 1992).
 
 
 6
 On remand the district court granted Mr. Reid's motion, vacated its previous judgment and sentence, and ordered a new trial. The government and Mr. Reid then reached a plea agreement on a new information for interstate travel in aid of racketeering ("ITAR"), and a new presentence report ("current PSR") was prepared. Adding the argument that the key witness's lie about motive discredited all of her remaining testimony, Mr. Reid made numerous objections to the current PSR which were similar to those he made in Reid I. At sentencing on January 22, 1993, the court adopted the findings of the current PSR, which computed a total offense level of 44, a criminal history category of III, and a guideline sentencing range of life. Since the statutory maximum sentence on the two ITAR counts was less than the guideline range, the court sentenced Reid to the maximum statutory sentence of two consecutive five-year terms. See U.S.S.G. 5G1.1(a). Mr. Reid now appeals that sentence.
 
 DISCUSSION
 
 7
 We review the district court's interpretation of the sentencing guidelines de novo, and its factual findings for clear error, giving due deference to its application of the guidelines to the facts. United States v. Bauer, 995 F.2d 182, 183 (10th Cir.1993). We review only for plain error if the defendant did not specifically object at sentencing. Plain error is a fundamental error affecting substantial rights, such as "basing a sentence on the wrong Guideline range." United States v. Smith, 919 F.2d 123, 124 (10th Cir.1990).
 
 
 8
 Since each of Mr. Reid's assignments of error incorporates the argument that the record contains no factual basis for the district court's sentencing determinations, we address that general argument first. Mr. Reid contends that at the time of sentencing, the court could not consider testimony from his previous trial without admitting the trial transcript. He bases his argument on United States v. Dennis, No. 92-6339, 1993 U.S.App. LEXIS 11628 (10th Cir. May 10, 1993). In Dennis we remanded for factual findings on a weapons enhancement, since "[n]o evidence was introduced during Defendant's trial or sentencing hearing that Defendant possessed a weapon." Id. at * 8. We held that the court could not use evidence from a codefendant's separate trial without admitting a transcript of that separate trial, because due process requires that a defendant receive "notice and an opportunity to rebut or explain the evidence used against him." Id. Unlike Dennis, Mr. Reid had ample notice and opportunity to rebut or explain the evidence from his own trial. See United States v. Beaulieu, 893 F.2d 1177, 1181 (10th Cir.), cert. denied, 497 U.S. 1038 (1990). The current PSR specifically references the trial transcript by witness and page. R. Vol. II Addendum at 3-6. Mr. Reid repeatedly objected to the use of that testimony at the sentencing hearing. The sentencing court correctly resolved those objections against Mr. Reid:
 
 
 9
 [T]he fact that a new trial was granted in no way denies this Court the right to consider any testimony presented at that trial.... [T]his Court is not bound by any testimony presented at the trial but has the right to consider it. If this Court determines the testimony was in fact untrue, then it wouldn't rely on that testimony, but if this Court determined it was true, then the Court has the right to rely on it, the same as if the Probation Officer made an investigation without a trial ever having occurred....
 
 
 10
 R. Vol. III at 9. The court may "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. 6A1.3(a), p.s. Thus, the court could rely on testimony from Mr. Reid's previous trial. The court's references to that testimony and findings at the sentencing hearing are sufficient for our consideration on review. See United States v. Slater, 971 F.2d 626, 633-34 (10th Cir.1992).
 
 
 11
 As his first independent assignment of error, Mr. Reid contends that the district court plainly erred by sentencing him under guidelines for an underlying crime involving crack cocaine. Reid pled guilty to a two-count information for violation of 18 U.S.C.1952, which charged him with "travel in interstate commerce ... with the intent to ... carry on or facilitate the ... carrying on of an unlawful activity, to wit: Distribution of Controlled Substances in violation of Title 21, United States Code, Section 841(a)(1)." R. Vol. I Tab 73. The base offense level for a section 1952 offense is the greater of six or "the offense level applicable to the underlying crime of violence or other unlawful activity in respect to which the travel or transportation was undertaken." U.S.S.G. 2E1.2(a). In Mr. Reid's case, the unlawful activity was the distribution of controlled substances, in violation of 21 U.S.C. 841(a)(1).
 
 
 12
 Mr. Reid argues that the court should have used the offense level for an underlying crime involving cocaine powder rather than cocaine base. The court adopted the current PSR, which calculates Mr. Reid's base offense level ("BOL") at 36 for cocaine base under U.S.S.G. 2D1.1(c)(4), whereas the presentence report that was prepared following his trial and previous conviction ("first PSR") computed his BOL at 26 under U.S.S.G.2D1.1(c)(9) for the same weight of cocaine powder. However, the record clearly demonstrates that the unlawful activity for which Mr. Reid was previously charged, tried, and convicted involved cocaine base. The original indictment specifically refers to "quantities of cocaine base, also known as crack,' a Schedule II narcotic controlled substance," and overt acts four through eight specify "crack/cocaine." Appellee's Br. Ex. A. The first PSR repeatedly specifies that the offense conduct involved crack/cocaine. Appellant's Br.App. D 1/2 1/25-6, 9. Apparently the first PSR incorrectly referenced the guideline for cocaine powder instead of the guideline for cocaine base. Nonetheless, Mr. Reid's first appellate argument specifically addressed his dealings in crack cocaine, contending that the first PSR overestimated the quantity. Reid I, 911 F.2d at 1462.[3] At Mr. Reid's second sentencing, the court found that the trial evidence left "no question but that there was crack cocaine that was set up." R. Vol. III at 17. The record amply supports this finding. The court did not err by computing the BOL for an underlying crime involving cocaine base.
 
 
 13
 As his second assignment of error, Mr. Reid claims that the court should not have relied on Rhonda Grimmett's earlier trial testimony to establish the quantity of crack involved, since she lied at trial about her cooperation agreement with the government.
 
 
 14
 The determination of drug quantity "must rest upon a preponderance of the evidence." Reid I, 911 F.2d at 1462. If the evidence is disputed, the court may consider relevant information that "has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. 6A1.3(a), p.s.; see also Beaulieu, 893 F.2d 1180. Mr. Reid claims that Grimmett's testimony was insufficiently reliable, citing United States v. Simmons, 964 F.2d 763, 776 (8th Cir.), cert. denied, 113 S.Ct. 632 (1992). In Simmons, however, the witness's testimony was unreliable not just because of lies about continued drug use and probation drug testing, but because she admitted that long-term drug use had impaired her memory and because her testimony about drug amounts was uncertain and inconsistent. Id. The record does not suggest that Grimmett's memory was impaired, nor was Grimmett's testimony inconsistent. In fact, the court found that "there is corroboration in many, many instances of Grimmett's testimony." R. Vol. III at 17. The court "seriously considered" whether Grimmett's testimony was reliable, and concluded: "reflecting back on the credibility of the witnesses when I saw it and judged it at the time, [and] reviewing my notes, ... I find that her testimony was sufficiently reliable that it can and should be utilized by this Court in arriving at the amounts." Id. at 18. The court's finding that Grimmett's testimony contained sufficient indicia of reliability is not clearly erroneous. A preponderance of the evidence therefore supports the conclusion that 606.19 grams of crack cocaine was involved.[4]
 
 
 15
 Mr. Reid's remaining arguments challenge sentence enhancements for possessing a dangerous weapon, obstructing justice, and leading extensive criminal activity. The government essentially concedes that the weapons enhancement was invalid. We need not decide whether these enhancements were erroneous, however, because Mr. Reid's sentence would not change even if they were. See Williams v. United States, 112 S.Ct. 1112, 1120 (1992) (explaining that incorrect application of guidelines requires remand for resentencing only "if the sentence would have been different but for the district court's error"). Even without the enhancements, the guidelines sentencing range would far exceed the maximum sentence authorized by the statute. Mr. Reid therefore would still receive the statutory maximum sentence even if we invalidated all three enhancements. See U.S.S.G.5G1.1(a).
 
 
 16
 For the reasons stated, we AFFIRM the sentence imposed by the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Richard Owen, Senior Judge, United States District Court for the Southern District of New York, sitting by designation
 
 
 [3]
 When we affirmed the offense level enhancements in Reid I, we adopted the uncontested guideline for determining the BOL without critical review. However, we do not have to perpetuate this oversight, especially since Mr. Reid's current 10-year sentence is considerably shorter than his previous 200-month sentence, and he has made no claim or showing of prosecutorial or judicial vindictiveness. Cf. Alabama v. Smith, 490 U.S. 794, 798-99 (1989) (suggesting that unless vindictive, a judge may impose any legally authorized sentence that the evidence supports on reconviction, even if longer than the first sentence)
 
 
 [4]
 The court determined the 606.19 gram quantity by adding the amount found at Grimmett's apartment the night the search warrant was executed (10.86 grams) to Grimmett's estimate of the quantities sold during the term of the conspiracy (595.33 grams). Although we affirm the use of Grimmett's testimony under the clear error standard, we also note that were we to accept only the testimony of Alvin Clemmons, the quantity would be between 116.91 and 148.935 grams. See Reid I, 911 F.2d at 1462. In that case, the BOL would be 32. U.S.S.G.2D1.1(c)(6). With his criminal history category of III, Mr. Reid's guideline range would be 151-188 months. Since this exceeds the statutory maximum, he would still receive the statutory maximum sentence on his ITAR pleas. See U.S.S.G. 5G1.1(a)