30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto CHAPA, Defendant-Appellant.
 No. 93-6141.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Ernesto Chapa pled guilty to possessing cocaine with the intent to distribute, in violation of 21 U.S.C. 841(a)(1), and was sentenced to ninety-five months' imprisonment. Mr. Chapa appeals his sentence, contending that the district court erred by: (1) increasing his offense level for possession of a firearm and (2) sentencing him at the middle rather than the bottom of the guideline range. Chapa's counsel has filed an Anders brief and a motion to withdraw. We affirm and grant counsel's motion.
 
 
 3
 Following surveillance of an arranged drug transaction, police arrested Mr. Chapa and his wife, Ann Hebensperger, in their room at the Stratford House Inn in Norman, Oklahoma, on September 2, 1992. Their seven-month old baby was with them at the time. A search revealed nine ounces of cocaine in the baby's bag and a loaded handgun in Ms. Hebensperger's purse next to the baby's bag.
 
 
 4
 We review the district court's factual findings for clear error, giving due deference to its application of the sentencing guidelines to the facts. 18 U.S.C. 3742(e); United States v. Bauer, 995 F.2d 182, 183 (10th Cir.1993).
 
 
 5
 The sentencing guideline for Mr. Chapa's offense of conviction is USSG 2D1.1. Subsection 2D1.1(b)(1) provides, "If a dangerous weapon (including a firearm) was possessed, increase [the base offense level] by 2 levels." According to the commentary, the adjustment for weapon possession "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG 2D1.1, comment. (n.3).
 
 
 6
 The government has the burden of proving weapon possession by a preponderance of the evidence. United States v. Roederer, 11 F.3d 973, 982 (10th Cir.1993). "Generally, the government must provide evidence that the weapon was found in the same location where drugs ... are stored or where ... the transaction occurred." Id. at 983 (quoting United States v. Hooten, 942 F.2d 878, 882 (5th Cir.1991)).
 
 
 7
 At sentencing, Mr. Chapa objected to the upward adjustment, claiming there was no direct evidence that he personally possessed the firearm. However, the "Sentencing Guidelines permit upward adjustment for the conduct of others." United States v. Brantley, 986 F.2d 379, 384 (10th Cir.1993). Thus, a defendant's offense level may be adjusted for the conduct of others that he abets or induces or for the reasonably foreseeable conduct of others in furtherance of a jointly undertaken criminal activity. See USSG 1B1.3(a)(1) & comment. (n.1).
 
 
 8
 The district court found that "the government has shown by a preponderance of the evidence that this defendant knew of the existence of the gun, directed that it be with him and Ms. Hebensperger and that certainly it was foreseeable that it would be used in the course of this crime." R. Vol. II at 14. This finding is not clearly erroneous.
 
 
 9
 After making other adjustments which are not contested, the judge imposed a sentence within the calculated guideline range. Nonetheless Mr. Chapa argues that the judge abused her discretion in imposing a sentence at the middle, rather than the bottom, of the range. We have no jurisdiction to review a sentence that is within the applicable guideline range. See 18 U.S.C. 3742(a); United States v. Garcia, 919 F.2d 1478, 1481-82 (10th Cir.1990).
 
 
 10
 Although counsel's Anders brief asks us to consider whether the district court's decision was correct as a matter of policy, it musters no legal arguments of any merit, and Mr. Chapa has filed no response. We therefore find that the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967).
 
 
 11
 For the reasons stated, we AFFIRM the judgment of the district court and grant counsel's motion to withdraw.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470