43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Thompson LAURANCE, Defendant-Appellant.
 Nos. 94-1002, 94-1003.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and HENRY, Circuit Judges, and BURCIAGA,[2] Senior District Judge.
 
 
 2
 Defendant David T. Laurance appeals the district court's enhancement of his sentence for being an organizer, leader, manager, or supervisor pursuant to USSG 3B1.1(c). We remand this matter to the district court for resentencing.
 
 
 3
 A jury convicted Mr. Laurance of two counts of securities fraud in violation of 18 U.S.C. 1001, two counts of mail fraud in violation of 18 U.S.C. 1341, one count of interstate transportation of money or property obtained by fraud in violation of 18 U.S.C. 2314, and two counts of engaging in monetary transactions in criminally derived property, a violation of 18 U.S.C.1957(a). At sentencing, the government asked the district court to enhance Mr. Laurance's sentence for being a leader, organizer, manager, or supervisor pursuant to USSG 3B1.1(c). The district court agreed, enhanced Mr. Laurance's sentence, and stated:
 
 
 4
 What the evidence clearly did show was that this was a scheme to defraud, actually several schemes involving different issues of securities, these penny stocks which were fraudulent in their purpose, and many people were involved in it. Some of them actually may have had criminal knowledge and didn't get charged. It's hard to say. Some of them may have been innocent dupes, as Mr. Fimberg has suggested.
 
 
 5
 Rec. vol. 13, at 11 (emphasis added). This court reviews the interpretation of the Sentencing Guidelines de novo and a district court's findings of fact for clear error. United States v. Bauer, 995 F.2d 182, 183 (10th Cir.1993).
 
 
 6
 USSG 3B1.1(c) states: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than that described in (a) or (b), increase by two levels." This court has held that a defendant must supervise criminally culpable participants in order for his or her sentence to be enhanced pursuant to USSG 3B1.1(c). Bauer, 995 F.2d at 183 (USSG 3B1.1 requires the involvement of criminally culpable participants); see also USSG 3B1.1 comment. (nn.1 & 2) (implying that the Guideline applies only to criminal participants); United States v. Carroll, 893 F.2d 1502, 1507-09 (6th Cir.1990) (reaching the same conclusion and explaining USSG 3B1.1).
 
 
 7
 In this case, the district court basically stated that it did not know whether the individuals Mr. Laurance supervised were criminally responsible or not. The district court therefore erred by enhancing Mr. Laurance's sentence without making a specific finding that Mr. Laurance supervised at least one criminally responsible individual.
 
 
 8
 The government cites the Background Note to the Guidelines stating that USSG 3B1.1 is designed to punish people who employ others in criminal wrongdoing because organizers are likely to profit more from their crime and argues that this rationale applies regardless of the participants' criminal responsibility. The government also argues that while 3B1.1 (a) and (b) use the word "participant" and the commentary defines "participant" as a person criminally responsible for the crime, 3B1.1(c) does not use the word "participant," thus suggesting that the drafters did not mean that people involved in a scheme must be criminally responsible under (c). However, as the government correctly acknowledged at oral argument, one panel of this court cannot overrule this circuit's precedent. United States v. Rockwell, 984 F.2d 1112, 1117 (10th Cir.), cert. denied, 113 S.Ct. 2945 (1993).
 
 
 9
 The government also cites Bauer for the proposition that there is sufficient evidence in the record to determine that Mr. Laurance supervised individuals who were criminally responsible, and that the district court's error in not finding that the participants were criminally responsible is therefore harmless. In Bauer, the district court improperly applied USSG 3B1.1 without finding that the people the defendant supervised were criminally responsible. Bauer, 995 F.2d at 183. However, in Bauer we found that the error was harmless because there was sufficient evidence on the record to show that the defendant supervised criminally responsible individuals. Id. at 184.
 
 
 10
 The government's reliance on Bauer in this case is not persuasive. In Bauer, the district court did not determine whether the individuals the defendant supervised were criminally responsible. In this case, however, the district court specifically stated that it could not determine whether the people Mr. Laurance supervised were criminally responsible. In spite of the district's court's statement, the government argues that Mary Ann Haverly-Townsley and Mickey Kavanagh were criminally responsible and urges us to review the record for evidence thereof.
 
 
 11
 The government bears the burden of proving, by a preponderance of the evidence, that Mr. Laurance supervised criminally responsible people. United States v. Brown, 995 F.2d 1493, 1500 (10th Cir.), cert. denied, 114 S.Ct. 353 (1993). Even after reviewing the record to determine whether the individuals Mr. Laurance allegedly supervised were criminally responsible, we find insufficient evidence to hold that either was criminally responsible.
 
 
 12
 The record indicates that Mr. Laurance gave Ms. Haverly-Townsley and her relatives stock and seats on the boards of directors of companies, that Mr. Laurance gave Mr. Kavanagh's friend stock, and that Mr. Laurance transferred money between company accounts and to himself. However, Ms. Haverly-Townsley also testified that she believed that Mr. Laurance would pay the money back, that Mr. Laurance did not intend to defraud anyone and that Mr. Laurance's actions were not illegal--indications that she did not act with criminal intent. In addition, both Ms. Haverly-Townsley and Mr. Kavanagh testified that they resigned when they thought Mr. Laurance acted inappropriately. We do not find that the government's evidence and authority meet its burden to prove that anyone but Mr. Laurance is criminally responsible.
 
 
 13
 We hold that the district court erred in not interpreting USSG 3B1.1(c) to require a criminally responsible participant. We also find insufficient evidence in the record to establish that Mr. Laurance supervised any criminally responsible participant, as required by USSG 3B1.1(c). We therefore remand this matter to this district court for resentencing consistent with Bauer and this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Honorable Juan G. Burciaga, Senior District Judge, United States District Court for the District of New Mexico, sitting by designation