**UNITED STATES COURT OF APPEALS**
**Filed 7/1/96**
**FOR THE TENTH CIRCUIT**

———

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff-Appellee,　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　　No. 96-6049
　　　　　　　　　　　　　　　　　　)　　(D.C. No. CIV-92-2239-A)
RENEE ARMSTRONG SANDERS,　　　　　　)　　　(W. Dist. of Okla.)
　　　　　　　　　　　　　　　　　　)
　　　Defendant-Appellant.　　　　　)

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Renee Armstrong Sanders (Sanders) appeals from an order of the district court denying her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

Sanders was charged along with ten other individuals in a 60-count superseding indictment filed on June 8, 1988. Specifically, Sanders was charged with one count of racketeering in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

18 U.S.C. § 1962(c), one count of conspiracy to engage in a criminal racketeering enterprise in violation of 18 U.S.C. § 1962(d), one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I), and one count of using a telephone to facilitate a conspiracy to distribute heroin in violation of 21 U.S.C. § 843(b).

Sander's motion to sever her trial from that of her husband and co-defendant, Johnny Lee Sanders, was denied. Trial to a jury commenced on October 18, 1989, and concluded on November 9, 1989. The jury found Sanders guilty as charged except for acquittal on one money laundering charge and the telephone facilitation charge. The court denied Sander's motion for a mistrial. Sanders was sentenced to thirteen years imprisonment on each count, the sentences to be served concurrently, together with five years supervised release and a special assessment of $50.00 per count.

On appeal, Sanders alleged that: the district court erred in denying her motions for a severance and mistrial; the evidence was insufficient to support her money laundering, racketeering, and conspiracy to distribute heroin convictions; and the district court misapplied the sentencing guidelines in determining the quantity of drugs to be used in arriving at her base offense level.

In reversing in part, affirming in part, and remanding, we held that: the district court did not abuse its discretion in

denying Sander's motions for a mistrial and severance, <u>United States v. Sanders</u>, 929 F.2d 1466, 1469 (10th Cir. 1991); there was insufficient evidence to support two of the money laundering charges, <u>id</u>. at 1470-73; Sander's substantivie rackerteering conviction "must also be vacated because this conviction is no longer supported by two racketeering acts [money laundering]," <u>id</u>. at 1473; Sander's conviction for conspiracy to distribute heroin was insufficient to support her conviction for conspiracy to engage in a criminal racketeering enterprise, <u>id</u>.; there was sufficient evidence to support Sander's conspiracy conviction to distribute heroin, <u>id</u>. at 1474; and the district court properly employed a quantity of 8,624 grams of heroin in arriving at Sander's base offense level under the sentencing guidelines. <u>Id</u>. at 1474-76.

Sanders subsequently filed her § 2255 motion herein in which she alleged that: the minimum mandatory sentence provision of 21 U.S.C. § 841(b) does not apply to pre-November 18, 1988, § 846 offenses; the court erred in caluIating the amount of drugs distributed; she was penalized for going to trial; the government violated the double jeopardy clause; the district court erroneously imposed a sentence of supervised release for a pre-November 15, 1988, conspiracy; she was denied effective assistance of counsel at sentencing; and her due process rights were violated when the government estimated the cutting agent without testing the drug for purity. (R., Vol. I, Tab 1387 at 2).

On January 30, 1996, the district court entered its Order, concluding:

> The court finds that defendant's claims, with one exception, are procedurally barred or without merit. The court holds, however, that defendant's sentence improperly included a period of supervised release, and that her sentence must be corrected to remove any such penalty.

(R., Vol. I, Tab 1387 at 11).

On appeal, Sanders contends that: she was improperly sentenced under the sentencing guidelines; the district court erred in calculating her base offense level on 8,624 grams of heroin; the district court erred in allowing her to be penalized for exercising her constitutional right to stand trial; her money laundering conviction violated the double jeopardy clause; she was denied effective assistance of counsel at sentencing; and she was denied due process when the government was allowed to estimate the cutting agent without testing the heroin for purity.

We review de novo the district court's rulings on legal questions in § 2255 proceedings. United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995). Findings of fact made by the district court in applying the sentencing guidelines must be upheld unless they are clearly erroneous. United States v. Bauer, 995 F.2d 182, 183 (10th Cir. 1993).

Applying these standards, we affirm substantially for the reasons set forth in the district court's Order of January 30, 1996.

**AFFIRMED.** The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge