**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LUIS FERNANDO ARCIGA,

      Defendant - Appellant.

No. 03-7089
(D.C. No. CR-03-18-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Luis Fernando Arciga ("Defendant") pled guilty to possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A). The district court sentenced Defendant to 120 months in

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prison.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742(a), and we AFFIRM.[1]

## BACKGROUND

On March 12, 2003, Defendant pled guilty to possession with intent to

distribute more than five kilograms of cocaine, in violation of 21 U.S.C.

§§ 841(a), 841(b)(1)(A).  Defendant's presentence report ("PSR") calculated an

offense level of 29 and assigned Defendant three criminal history points – one for

a prior conviction for driving with a suspended license, see U.S.S.G. § 4A1.1(c)

(2001),[2] and two for being on probation at the time he committed the instant

offense, see id. § 4A1.1(d).  (PSR at 3-4.)  Under the Sentencing Guidelines,

Defendant's combined offense level and criminal history category resulted in a

sentencing range of 97 to 121 months.  (Id. at 7.)  However, the PSR further

concluded that Defendant was subject to a 120-month mandatory minimum

sentence under 21 U.S.C. § 841(b)(1)(A).  (Id.)

At sentencing, the district court concluded that the defendant was ineligible

for the "safety valve" exception under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2

(which would have permitted him to avoid the statutory minimum) because that

---

[1]Defense counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967).  We grant that motion.

[2]Unless otherwise noted, all citations to the Sentencing Guidelines refer to the 2001 edition under which Defendant was sentenced.

provision is inapplicable where the defendant has more than one criminal history point. (Vol. V at 5.) Accordingly, the district court sentenced Defendant to the 120-month statutory minimum. (Doc. 18.) Defendant now appeals, arguing that the district court erred in determining that he was ineligible for the safety valve exception.[3]

## DISCUSSION

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Bruce, 78 F.3d 1506, 1509 (10th Cir. 1996).

In general, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). However, pursuant to the "safety valve" exception, the sentencing court is to impose a

---

[3]Defendant makes several other arguments that we do not address. First, Defendant argues that his counsel was ineffective for failure to investigate fully his probation status. Ineffective assistance of counsel claims, however, should be brought in collateral proceedings, not on direct appeal. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Second, Defendant argues that the district court should have exercised its discretion to depart downward. In general, we do not have jurisdiction to review a district court's refusal to depart downward unless the district court failed to depart because he erroneously believed the Guidelines did not authorize him to do so. United States v. Bauer, 995 F.2d 182, 183 (10th Cir. 1993). There is no indication here that the district court so believed.

sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence if the court finds, inter alia, that "[t]he defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." Id. § 5C1.2(a)(1); see also 18 U.S.C. § 3553(f)(1).

In this case, Defendant received the statutorily mandated minimum sentence of 120 months. Defendant argues, for two alternative reasons, that the district court should have applied the safety valve exception and sentenced him not according to the statutory minimum but instead within a lower range provided by the Guidelines. We address each of his two alternative arguments in turn.

### 1. Calculation of Criminal History Points

Defendant first argues that the district court erred in its determination that Defendant was on probation at the time he committed the instant offense. Absent this error, Defendant argues, he would have been assigned only one criminal history point, bringing him within the safety valve exception. Applying the safety valve exception, Defendant argues, the Guidelines range within which he should have been sentenced would have been 70 to 87 months.[4]

---

[4]Specifically, if the safety valve exception had applied, Defendant would have received a 2-point decrease in his base offense level. See U.S.S.G. § 2D1.1(b)(6). A base offense level of 27 and one criminal history point results in a Guidelines range of 70 to 87 months. Id. Ch. 5, Pt. A.

Section 4A1.1(d) of the Guidelines directs the court to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The commentary to § 4A1.1(d) states that "active supervision is not required" and that even "unsupervised probation" is a "criminal justice sentence" for purposes of this provision. U.S.S.G. § 4A1.1(d), cmt. n.4; see also United States v. Gorman, 312 F.3d 1159, 1165-66 (10th Cir. 2002) (stating that § 4A1.1(d) may apply "even when there is no formal supervision").

Defendant was sentenced by a California court to three years of formal probation and a $920 fine on June 19, 2000, for driving with a suspended license. (PSR at 4.) Defendant committed the instant offense on September 2, 2002, well within those three years. (Id.) Defendant argues, however, that his probation terminated early when he paid the $920 fine. The record reflects that on July 10, 2002, Defendant's formal probation was reduced to informal probation upon payment of his fine but that he was still on probation when the instant offense was committed. (PSR Attach.) Defendant even acknowledged to the district court that after he paid the fine he "technically [was] still under a probation" with the California court. (Vol. III at 6.)

Because informal probation is a "criminal justice sentence" for purposes of § 4A1.1(d), the district court did not err in adding two criminal history points

pursuant to that provision. With three criminal history points, Defendant did not qualify for the safety valve exception. See U.S.S.G. § 5C1.2(a)(1).

### 2. Section 4A1.3

Defendant also argues that the district court should have reduced his criminal history category under § 4A1.3 of the Guidelines because Defendant's criminal history category over-represented the seriousness of his past criminal conduct.[5] This reduction, Defendant argues, would have brought him within the safety valve exception's one-point criminal history requirement.

The commentary to the safety valve exception defines "more than 1 criminal history point," as "more than one criminal history point *as determined under § 4A1.1* (Criminal History Category)." U.S.S.G. § 5C1.2, cmt. n.1 (emphasis added). Section 4A1.1 lays out the basic framework for calculating a defendant's criminal history category. Reductions in the criminal history category as calculated under § 4A1.1 are not covered under § 4A1.1 itself but are addressed in § 4A1.3. Accordingly, in United States v. Owensby, we held that a defendant's eligibility for the safety valve exception cannot be based on a

---

[5]Section 4A1.3 of the Guidelines provides in relevant part, "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range."

defendant's reduced criminal history category under § 4A1.3.[6]  188 F.3d 1244, 1246 (10th Cir. 1999).

Under § 4A1.1, Defendant was properly assigned three criminal history points.  As such, the district court did not err in holding that the safety valve exception was inapplicable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[6]The Guidelines have since been amended to state specifically that the safety valve exception only applies if "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines *before application of subsection (b) of § 4A1.3* (Departure Based on Inadequacy of Criminal History Category)."  U.S.S.G. § 5C1.2(a)(1) (2003) (emphasis added).