UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonard Joel BROMBERG,
Defendant–Appellant.

No. 89–2274.

United States Court of Appeals,
Tenth Circuit.

May 20, 1991.

James Murphy, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., James D. Tierney, Asst. U.S. Atty., with him, on the brief), Albuquerque, N.M., for plaintiff-appellee.

David L. Plotsky, Albuquerque, N.M., for defendant-appellant.

Before McKAY and ANDERSON, Circuit Judges, and BROWN, District Judge.*

WESLEY E. BROWN, Senior District Judge.

Defendant-appellant pled guilty to one count of possession with intent to distribute cocaine. (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)). The district court departed downward from the guidelines and sentenced appellant to 66 months imprisonment and four years of supervised release. Appellant now contends that the district court erroneously refused to depart further downward in imposing the sentence. We conclude that we have no jurisdiction over the appeal and we therefore dismiss the case.

■ Appellant does not challenge the correctness of the guideline range applied to him. He concedes that the appropriate range under the guidelines was 78 to 97 months imprisonment (resulting from a total offense level of 28 and a criminal history category of I). The minimum sentence for appellant's offense was set by statute at 60 months. Pursuant to a plea agreement, the Government recommended that the court depart below the guideline range and the statutory minimum, however, because the defendant had provided substantial assistance to the Government. *See* 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. The Government recommended a sentence of 48 months imprisonment.

The district court found that a downward departure was warranted under the circumstances but concluded that a departure below the statutory minimum "does not meet the ends of justice nor satisfy the sentenc-

---

* The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

ing goals of punishment and deterrence." The court indicated that it would be inappropriate to grant the defendant the full extent of the departure he sought because it would result in a lower sentence than the court had imposed on a less culpable co-defendant.[1] The court imposed the same sentence on appellant that had been imposed on appellant's co-defendant—66 months.

The parties disagree as to whether this court has jurisdiction to determine the defendant's claims. This issue is controlled by 18 U.S.C. § 3742(a), which governs a defendant's right to appeal his sentence. That section provides in part:

(a). Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law; [or]

(2) was imposed as a result of an incorrect application of the sentencing guidelines

. . . .

*Id.* Section 3742 establishes a limited practice of appellate review of criminal sentences. S.Rep. No. 225, 98th Cong., 2d Sess. 149, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3332.

Appellant makes two arguments in support of his assertion that the district court's sentence is appealable under § 3742(a). First, he argues that the sentence was imposed in violation of law because it is contrary to 18 U.S.C. § 3553(a)(6). This section directs a district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" in determining an appropriate sentence. *Id.* Second, appellant states that the sentence was imposed as a result of an incorrect application of the guidelines because it is inconsistent with the guidelines' policy of eliminating unwarranted sentencing disparities.

It is settled law in this circuit and others that a district court's discretionary refusal to depart downward from the guidelines does not confer appellate jurisdiction under

§ 3742. *United States v. Davis*, 900 F.2d 1524, 1529–30 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Richardson*, 901 F.2d 867, 870 (10th Cir.1990); *United States v. Lowden*, 905 F.2d 1448, 1449 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990). As we noted in *Davis*, "if we were to interpret section 3742(a)(2) to allow appeals for departure-related decisions as incorrect applications of the guidelines, we would render section 3743(a)(3) redundant. Because Congress could not have intended such a specific provision to be mere surplusage, we conclude that Congress did not intend for departure-related decisions, including refusals to depart, to be appealable under 3742(a)(2)." *Davis*, 900 F.2d at 1529.

The fact that the guidelines do not allow for appellate review when a district court chooses not to grant a downward departure compels the conclusion that we also lack jurisdiction where the defendant complains that the district court's grant of a downward departure is too small. We agree with those circuits holding that the extent of downward departure chosen by the district court is normally not appealable by a defendant under § 3742. *See United States v. Hazel*, 928 F.2d 420, 424 (D.C.Cir. 1991) (Granting the defendant's request for review in this case would place us in the inconsistent position of being able to review the methodology and justifications for the degree of downward departure, while leaving us unable to review a decision not to depart in the first place); *United States v. Gant*, 902 F.2d 570, 572–73 (7th Cir. 1990); *United States v. Pighetti*, 898 F.2d 3, 4 (1st Cir.1990) (The statute affords no grounds for the beneficiary of a departure decision to complain that the deviation should have been greater); *United States v. Wright*, 895 F.2d 718, 720 (11th Cir.1990) (To permit a defendant to appeal a sentence below the guideline range would render meaningless the provision specifically allowing a defendant to appeal an upward departure). *See also United States v. Co-*

---

1. This co-defendant's sentence was affirmed on appeal in *United States v. Sorensen,* 915 F.2d 599 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991).

*lon,* 884 F.2d 1550, 1556 (2nd Cir.1989) (The law does not provide appellate review for defendants facing long sentences that include small downward departures.) This result is consistent with Congress' intent to avoid unnecessary appeals by limiting review of upward departures to defendants and downward departures to the Government. *See United States v. Gant, supra;* 18 U.S.C. §§ 3742(a)(3) and 3742(b)(3).

Appellant's contention that the sentence imposed resulted from an incorrect application of the guidelines or was in violation of the law is not persuasive. The record clearly indicates that the district court was aware that it had discretion to determine the extent of an appropriate departure. After finding that the departure recommended by the Government did not meet the ends of justice nor satisfy the sentencing goals of punishment and deterrence, the court explained, "I previously expressed my concern over the inequity that would result in sentencing between this defendant and co-defendant Sorensen if I totally accepted the Government's recommendations." The court added: "While the motives of the Government may be well-intentioned, the practical effect of its request would result in a disparity and unfairness in sentencing. It would result in the less culpable co-defendant receiving a harsher sentence than this defendant, a result which is contrary to the intent and spirit of the new sentencing guidelines." Tr.Supp. Vol. III at 3–4. The court's explanation that he would not totally accept the Government's recommendation because the full extent of the departure sought would cause "inequity" and "unfairness" is a clear indication that the court was aware of its power to determine the proper degree of departure. The court's statement that a lower sentence would be contrary to "the spirit" of the guidelines and would cause "disparity" does not indicate that court believed it was barred from considering whether the full departure was warranted. As such, this case is distinguishable from *United States v. Lowden,* 900 F.2d 213 (10th Cir.1990) (Lowden I), in which we remanded the case to the district court because the record was unclear as to whether the sentencing judge understood that he had the power to determine whether a departure from the guidelines was warranted. *Id.* at 217–18. *See also United States v. Lowden,* 905 F.2d 1448 (10th Cir.1990) (Lowden II) ("Regarding six of the seven reasons which Lowden thought merited departure, the court informs us that it believed that it had the power to depart, but it declined to do so. Such decisions are not reviewable."); *Davis,* 900 F.2d at 1530 (Sentence is reviewable if a district court does not exercise its discretion to depart downward because it feels legally prohibited from doing so).

Appellant has not shown that the sentence violates any specific guideline provision or article of law. Rather, appellant bases his jurisdictional argument on the premise that the district court misunderstood the general principle of proportionality that underlies the guidelines. The determination of whether a downward departure is warranted and the appropriate degree of departure is committed to the sound discretion of the trial judge. In essence, appellant's argument boils down to a contention that the district court abused its discretion by not granting a greater departure. *Cf. United States v. Heilprin,* 910 F.2d 471, 475 (7th Cir.1990) (Appellant's disproportionality argument appears to be an expression of his disappointment at the extent of the departure he did not receive.) The argument that the district court abused its discretion, however, does not assert a violation of the law or an incorrect application of the guidelines. *United States v. Havens,* 910 F.2d 703, 707 (10th Cir.1990). The sentence imposed was consistent with the guidelines and the applicable law.

Accordingly, the appeal is DISMISSED.