962 F.2d 18
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jim Lyle OVERSTREET, Defendant-Appellant.
 No. 91-2257.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jim Lyle Overstreet appeals from a sentence imposed following his plea of guilty to possession with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846.
 
 
 3
 Overstreet's presentence report set forth a sentencing guideline imprisonment range of 21 to 27 months. Overstreet "concurr[ed] in this computation." (R., Vol. I., Tab 23, p. 1). Nevertheless, he filed a motion for downward departure based on unique family responsibilities. Within his motion, Overstreet alleged that: he was a forty-year-old single parent of five dependent children, ages 12, 10, 7, 4, and 2; the New Mexico Department of Human Services had confirmed that he was a good parent and the sole custodian of the children; incarceration for a lengthy period of time would cause his children to be placed in the care, custody, and control of the New Mexico Department of Human Resources; and his incarceration would ultimately lead to his children being placed in foster care. (R., Vol. I, Tab 23, p. 3).
 
 
 4
 During the sentencing hearing, the following colloquy occurred between the district court and defense counsel:
 
 
 5
 THE COURT: All right, then we'll move to sentencing. Just bear with me here. At this time then, Mr. Fry [defense counsel], is there anything you wish to state to the Court on behalf of Mr. Overstreet, or you, Mr. Overstreet, personally to the Court before I impose sentence in this matter?
 
 
 6
 MR. FRY: No, Your Honor, the only thing is I filed a motion for downward departure from guideline imprisonment range in this case, and I believe I've said everything that I needed to say in that particular motion.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 THE COURT: Well, I've read your sentencing memorandum, and I appreciate the familial difficulties facing Mr. Overstreet, but those have been of some duration, and the Court does not feel that the Court can take those into consideration to award a downward departure.
 
 
 10
 (R., Vol. III at p. 3).
 
 
 11
 Thereafter, the court, after "taking judicial notice of the fact that defendant distributed 88.5 net pounds of marijuana and was present in the vehicle containing the marijuana at the time of his arrest," id. at p. 4, sentenced Overstreet to 21 months imprisonment and three years supervised release.
 
 
 12
 On appeal, Overstreet contends that the district court erred in finding that it lacked authority to grant his motion for a downward departure pursuant to U.S.S.G. § 5K2.0. Overstreet argues:
 
 
 13
 The motion to depart downward from the guideline imprisonment range was made pursuant to U.S.S.G. § 5K2.0 and 18 U.S.C. 3553. The general theory allowing the sentencing court to impose a sentence outside the range established by the applicable guideline is found in 18 U.S.C. § 3553(b), allowing the departure if the Court finds, "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines that should result in a sentence different from that described."
 
 
 14
 (Appellant's Brief In Chief at pp. 4-5).
 
 
 15
 Overstreet argues that the mitigating circumstances which support a downward departure are his unique family circumstances and that downward departure was approved "for the same reasons based on similar circumstances in the matter of United States v. Pena, 930 F.2d 1486 (10th Cir.1986)." (Appellant's Brief In Chief at p. 5). Overstreet submits that inasmuch as the language used by the district court is ambiguous, "[t]he appropriate remedy in this case is a remand ... for clarification and resentencing." Id. at p. 8.
 
 
 16
 The government responds that Pena is distinguishable in that defendant Pena's conduct "was an aberration from her usual conduct," United States v. Pena, 930 F.2d at 1495, whereas Overstreet was "a primary force [who] was substantially involved in the negotiations," and whose "actions showed prior involvement and knowledge of the business." (Brief of Appellee at p. 15). The government also argues that we lack jurisdiction since "[i]t is well settled that discretionary decisions to depart are not reviewable, unless there is some ambiguity in the district court's ruling. United States v. Fox, 930 F.2d 820 (10th Cir.1991), cert. denied, --- U.S. ---- (1991)." (Brief of Appellee at p. 16).
 
 
 17
 The government contends that the district court's finding was not ambiguous and that the district court declined to depart "because the familial situation was long standing and not because it did not have the authority." Id. The government also notes that under U.S.S.G. § 5H1.6, p.s. (1988), "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines."
 
 
 18
 We agree with the government that Pena is distinguishable. We also agree that the district court did not find that it lacked authority to grant Overstreet's motion for a downward departure. Rather, the district court simply found that Overstreet's familial difficulties were not an aggravating or mitigating circumstance justifying a downward departure.
 
 
 19
 Inasmuch as a defendant's right to appeal his sentence is governed by 18 U.S.C. § 3742(a), United States v. Bromberg, 933 F.2d 895, 896 (10th Cir.1991), and "[i]t is settled law in this circuit and others that a district court's discretionary refusal to depart downward from the guidelines does not confer appellate jurisdiction under § 3742," id., Overstreet's sentence is affirmed and his appeal dismissed. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3