4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Lee SUMMERS, a/k/a Kenneth Crumpton,
Defendant-Appellant.
 No. 92-5880.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 7, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 James W. Swindell, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Lee Summers appeals the sentence imposed by the district court after his guilty plea to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp. 1993), and to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West Supp. 1993). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that in his view there are no meritorious grounds for appeal. Summers has filed a supplemental pro se brief alleging that his counsel was ineffective at sentencing. We affirm in part and dismiss in part.
 
 
 2
 Finding that Summers's career offender criminal history category overstated the seriousness of his criminal history, the district court departed downward from category VI to category V under sentencing guideline section 4A1.3.* In the Anders brief, counsel argues that the district court erred in not departing further. The extent of a departure in the defendant's favor is not reviewable on appeal, see e.g., United States v. Bromberg, 933 F.2d 895, 896 (10th Cir. 1991), and we do not consider this claim.
 
 
 3
 In his supplemental brief, Summers alleges that his attorney was ineffective during sentencing in failing to challenge the validity of his prior predicate convictions. Ineffective assistance is an issue which this Court generally does not consider on direct appeal. United States v. DeFusco, 949 F.2d 114, 120-121 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Only where ineffectiveness conclusively appears on the record below is consideration on direct appeal appropriate, United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986), and we do not find it appropriate in this case.
 
 
 4
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. The judgment of the district court is therefore affirmed; to the extent the appeal challenges the extent of the downward departure, it is dismissed.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)