39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Silvio Albert LAZO-REINOSO, Defendant-Appellant.
 No. 94-6184.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is a direct criminal appeal, taken pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, challenging the defendant's sentence.[2] Defendant-Appellant pled guilty to one count of assaulting a federal correctional officer in violation of 18 U.S.C. 111. In accord with the presentence report, to which the defendant did not object, the district court calculated a total offense level of 19 with a criminal history category of III, which carries a sentencing range of 37 to 46 months. Because the statute of conviction carried a maximum sentence of three years, however, the district court could sentence the defendant to no more than 36 months of the applicable range.
 
 
 3
 At the defendant's request, the district court departed downward by six months, sentencing the defendant to 30 months in prison, to account for the six months that the defendant had been in custody between the offense and the indictment. The defendant timely appealed and the defendant's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by not departing downward more than the six months the defendant had originally requested.
 
 
 4
 In United States v. Bromberg, 933 F.2d 895, 896 (10th Cir.1991), we held that the extent of downward departure chosen by a district court is not appealable by a defendant under 18 U.S.C. 3742, which governs a defendant's right to appeal a sentence. It is settled law in this circuit that we therefore "lack jurisdiction where the defendant complains that the district court's grant of a downward departure is too small." Id. at 896; United States v. McHenry, 968 F.2d 1047, 1049 (10th Cir.1992).
 
 
 5
 Accordingly, we DISMISS this appeal for lack of jurisdiction to review the extent of departure by the sentencing court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted the plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C.1915(a)