78 F.3d 598
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Edward LEACH, Defendant-Appellant.
 No. 95-1219.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1996.
 
 Appeal from the United States District Court
 Before SEYMOUR, McKAY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LUCERO, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore submitted without oral argument.
 
 
 2
 Defendant Thomas Leach entered a plea of guilty to one count of possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(iii). Prior to sentencing, the government moved for a downward departure of twenty-five percent for substantial assistance. See USSG 5K1.1. Leach argued that his assistance was so substantial that a sixty percent downward departure was warranted. Leach's co-defendant had received a downward departure of twenty-five percent for her assistance. Noting that Leach's cooperation had been more substantial than that of his co-defendant, the district court granted a downward departure of approximately forty percent, resulting in a sentence of 55 months imprisonment.
 
 
 3
 Leach appeals his sentence, arguing that in determining the extent of the downward departure, the district court improperly considered a factor outside of the guidelines, namely, the assistance rendered to the government by his co-defendant. We were presented with a similar claim in United States v. Bromberg, 933 F.2d 895 (10th Cir.1991). There, defendant appealed the district court's grant of a downward departure and argued that a greater departure was warranted. Like Leach, the appellant in Bromberg argued that the district court erred by comparing his sentence to that of a co-defendant in determining whether and to what extent a downward departure should be granted. See id. at 896. We dismissed the appeal, noting that "a district court's discretionary refusal to depart downward from the guidelines does not confer appellate jurisdiction." Id. (citing 18 U.S.C. 3742). See also United States v. Sanders, 18 F.3d 1488, 1490-91 (10th Cir.1994) (appellate court has no jurisdiction to review denial of downward departure unless district court does not recognize its discretion).
 
 
 4
 Although Leach casts the district court's error in terms of improper application of the guidelines, he does not dispute that the district court correctly interpreted and applied the guidelines in establishing the base offense level and criminal history category. It is apparent that the district court was aware of its discretion because it exercised that discretion to award Leach a downward departure. Therefore, the district court's refusal to grant appellant a greater downward departure is not subject to appellate review. Sanders, 18 F.3d at 1490; Bromberg, 933 F.2d at 896.
 
 
 5
 Accordingly, this appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3