107 F.3d 881
 97 CJ C.A.R. 418
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Danna J. HELMS, Defendant--Appellant.
 No. 96-3168.
 United States Court of Appeals, Tenth Circuit.
 March 17, 1997.
 
 Before TACHA, BALDOCK and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 LUCERO, Circuit Judge.
 
 
 1
 Defendant Danna Helms pleaded guilty to interstate transportation in aid of a racketeering enterprise. The sentencing guidelines yielded a range of imprisonment of 87 to 108 months. See II R., doc. 148 at 2-3. The maximum penalty established by statute, however, was 60 months. See 18 U.S.C. § 1952(a)(3)(A) The district court sentenced defendant below the statutory maximum, to 54 months, because she was a minor participant in the offense, the offense was aberrant behavior for her and was caused by her desire to feed her drug addiction.
 
 
 2
 On appeal, defendant challenges the degree of the district court's downward departure from the sentencing guidelines. She argues that the district court should have relied on a combination of factors, including her low degree of culpability, her difficult childhood and psychological problems, to depart even further. It is well settled that, absent incorrect application of the guidelines, we lack jurisdiction to review defendant's challenge to the degree of downward departure from the sentencing guidelines. United States v. Bromberg, 933 F.2d 895, 896-97 (10th Cir.1991); 18 U.S.C. § 3742(a).
 
 
 3
 Dismissed for lack of jurisdiction.
 
 
 
 *
 The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3