F I L E D
United States Court of Appeals
Tenth Circuit

JUN 3 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT ALAN THOMAS,

Defendant-Appellant.

No. 96-4099
(D.C. No. 94-CR-107)
(D. Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **LOGAN** and **KELLY,** Circuit Judges.

Robert Alan Thomas owned and operated a California-based computer bulletin board system from which users could download graphic files from among thousands of pornographic images on the system. Mr. Thomas was arrested in February 1994, convicted on July 28, 1994 by a jury in the Western District of Tennessee of several counts of distributing obscenity via his bulletin board in

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 18 U.S.C. § 1465, and sentenced to 37 months in prison. On July 20, 1994, Mr. Thomas was indicted in the District of Utah for several counts relating to the distribution of child pornography via his bulletin board in violation of 18 U.S.C. §§ 2252(a)(1) and 2. Mr. Thomas moved to dismiss the Utah indictment on the grounds of collateral estoppel and double jeopardy arising out of his Tennessee prosecution and sentencing, and on the grounds that the government's previous return of the pornographic materials to Mr. Thomas made the subsequent prosecution an entrapment by estoppel. After the denial of his several motions to dismiss, Mr. Thomas entered a conditional guilty plea on one of the counts in the indictment and was sentenced to 26 months in prison to run concurrently with his Tennessee sentence. Mr. Thomas now appeals, reasserting his various claims of preclusion and also asserting the district court erred in not departing downward at sentencing.

The district court order denying Mr. Thomas' motion to dismiss for collateral estoppel and double jeopardy is thorough and well-reasoned. Applying the standard for collateral estoppel laid out in United States v. Rogers, 960 F.2d 1501, 1507-08 (10th Cir. 1992), the district court noted that none of the images which form the basis of the Utah indictment were the basis of the Tennessee charges, and that the Tennessee jury made no findings regarding child pornography on the bulletin board. The district court determined that the

Tennessee sentencing judge made no findings with regard to child pornography on Mr. Thomas' bulletin board, and concluded that the forfeiture of his equipment was similarly not based on any findings with regard to child pornography on the bulletin board.[1]  We adopt the reasoning of the district court to hold that collateral estoppel and double jeopardy arising out of the Tennessee proceedings are not implicated in the Utah prosecution.[2]

Mr. Thomas also argues he was entitled to a downward departure at sentencing so that the combined imprisonment for the Tennessee and Utah convictions would approximate the sentence he would have gotten if he had been sentenced for both convictions at the same time ("coterminously").  The Utah

_____

[1]As the district court observed, the discussion of child pornography in the Tennessee sentencing appears to concern Mr. Thomas' receipt of *magazines* containing child pornography, a count on which the jury acquitted him.

[2]Mr. Thomas also asserts that the Utah prosecution constitutes entrapment by estoppel.

> The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth amendments.

United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir. 1994).  The government contends Mr. Thomas' entrapment argument is not properly before this court because it was not one of the issues preserved in his conditional plea, and thus is waived.  Both the plea transcript, aplt.'s app. at 301, and the Statement by Defendant in Advance of Plea of Guilty, aplee.'s app. at 4, reflect Mr. Thomas reserved the right to appeal only the rulings on double jeopardy and collateral estoppel.   In any event, we are not persuaded that the government's prior actions in returning to Mr. Thomas the material forming the basis for the prosecution rise to the affirmative misrepresentation required to establish entrapment by estoppel.

court instead sentenced Mr. Thomas concurrently with the Tennessee sentence.[3]

The imposition of sentence is committed to the sound discretion of the sentencing court. Generally, we lack jurisdiction to review the sentencing court's discretionary refusal to downward depart. United States v. Bromberg, 933 F.2d 895, 896 (10th Cir. 1991). However, we do review the sentencing court's decision to ensure that the sentence imposed is not the result of an incorrect application of the guidelines or otherwise in violation of the law. Id. at 897. In particular, we review the decision not to depart to ensure that the decision was not based on the district court's erroneous belief that it lacked the legal power to depart. United States v. Davis, 900 F.2d 1524, 1530 n.7 (10th Cir. 1990).

After review of the sentencing transcript, we are persuaded that the district court recognized its power to depart downward in this case. The court did in fact depart downward one month to credit Mr. Thomas for delays associated with the sentencing process. The court was simply unconvinced that the prior undischarged sentence was a sufficient factor to remove the case from the heartland of the Guidelines. In addition, the imposition of a concurrent sentence does not violate any specific guideline provision. Mr. Thomas relies on U.S.S.G.

_____

[3]In practical effect, a sentence calculated coterminously would mean Mr. Thomas would be released upon the conclusion of the undischarged Tennessee sentence. Instead, the Utah sentence runs concurrently with the Tennessee sentence *from the date of the Utah sentencing*, and Mr. Thomas thereafter would remain in custody for the undischarged portion of the Utah sentence.

§ 5G1.3(c) (policy statement) (effective Nov. 1, 1995), which states that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Neither the text nor the commentary to this provision suggest that the sentences are to be calculated coterminously, or that a downward departure is either required or encouraged to achieve such a coterminous sentence.[4] The decision not to depart downward is not premised on an error of law, and is otherwise unreviewable.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[4]Mr. Thomas' argument appears to be premised on the application notes to the former version of § 5G1.3(c), in effect before November 1, 1995, which stated that, "a reasonable incremental penalty [is] a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed . . . had all the offenses been federal offenses for which sentences were being imposed at the same time." U.S.S.G. § 5G1.3 app. note 3 (1994). Although the same note states that no departure is *required*, if the old guideline applied to Mr. Thomas, it is arguable that the district court may have erred in failing to consider the coterminous methodology to determine if a downward departure was warranted. Cf. United States v. Johnson, 40 F.3d 1079, 1083-84 (10th Cir. 1994). The applicable version of the guideline, however, omits reference to the coterminous methodology.