**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DOMINGO MARTINEZ-DELEON,

      Defendant - Appellant.

No. 99-6330
(D.C. No. 99-CR-31-M)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Domingo Martinez-DeLeon, an inmate at the Federal Correction Institution at El Reno, Oklahoma, appearing pro se, appeals the sentence he received following his guilty plea to knowingly possessing a prohibited object (cocaine) as an inmate, in violation of 18 U.S.C. § 1791(a)(2), and challenges the grand jury indictment. Martinez-DeLeon's attorney believes that his appeal is wholly frivolous. He therefore has filed both a motion to withdraw as attorney of record

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and a corresponding <u>Anders</u> brief outlining Martinez-DeLeon's apparent grounds for appeal. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). <u>Anders</u> requires that such a brief refer to "anything in the record that might arguably support the appeal." <u>Id.</u> Consistent with this requirement, counsel informs us appellant wishes to allege the district court abused its discretion in failing to depart downward to the extent warranted by the mitigating factor present in this case. Counsel furnished Martinez-DeLeon with a copy of the brief, and Martinez-DeLeon responded, <u>see</u> <u>id.</u>, raising one additional claim for relief and requesting the appointment of counsel. Based on our own independent review of the record, we conclude Martinez-DeLeon's claims are wholly without merit. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we grant counsel's motion to withdraw, deny Martinez-DeLeon's request for the appointment of counsel, and affirm his conviction and sentence.

We "cannot exercise jurisdiction to review a sentencing court's refusal to depart from the Guidelines, either upward or downward, unless the court refused to depart because it interpreted the Guidelines to deprive it of the authority to do so." <u>United States v. Fortier,</u> 180 F.3d 1217, 1231 (10th Cir. 1999) (citations omitted). "We also lack jurisdiction where the defendant complains that the district court's grant of a downward departure is too small." <u>See</u> <u>United States v. Bromberg</u>, 933 F.2d 895, 896 (10th Cir. 1991); <u>see also</u> 18 U.S.C. § 3742. That is

the case here:  The district court exercised its discretion to depart, but declined to depart to the extent requested by Martinez-DeLeon.[1]  Because we lack jurisdiction to review that decision, this claim is wholly frivolous.

In Martinez-DeLeon's response to counsel's Anders brief, he raises one additional issue.  He challenges his indictment, alleging that Susan J. Micio, a special agent with the FBI, misled the grand jury in order to obtain an indictment and that she was unfamiliar with his case.  In support of these assertions, Martinez-DeLeon points to alleged inconsistencies between the prison incident report and Micio's testimony.  After thorough review of both the incident report and Micio's testimony, we find no such inconsistencies.  Micio testified that eighteen balloons containing cocaine and heroin were recovered from Martinez-DeLeon between January 4 and 5, 1997, at which time Martinez-DeLeon asked what was going to happen to him because they contained cocaine.  Based on Martinez-DeLeon's statement, the incident report reveals that prior to testing the substances contained in the balloons, the alleged drug in the balloons was cocaine.  That same report states that after testing, the balloons contained both cocaine and heroin.  Thus, Martinez-DeLeon's allegation that "nowhere" in the report is heroin mentioned is incorrect.  (Appellant's 12/28/99 Letter at 1.)  In

---

[1]  The district court reached this result by reducing by two levels Martinez-DeLeon's total offense level, which reduced his imprisonment range from 24–30 months to 18–24 months.

addition, Martinez-DeLeon has failed to support his conclusory allegations that Micio was unfamiliar with his case and misled the grand jury as to the facts underlying the indictment. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Because we conclude that both of Martinez-DeLeon's claims lack merit, we also deny his request for the appointment of counsel.

We AFFIRM the conviction and sentence imposed by the district court, GRANT counsel's request to withdraw, and DENY Martinez-DeLeon's request for the appointment of counsel.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge