**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RALPH WAYNE SANCHEZ,

    Defendant-Appellant.

No. 03-1366
(D. Colo.)
(D.Ct. No. 03-CR-29-MK)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Ralph Wayne Sanchez, a federal prisoner represented by counsel, pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) and received a sentence of seventy months imprisonment. In sentencing Mr. Sanchez, the district court granted his motion for downward departure based on a finding his criminal history category over-represented the likelihood he would commit further crimes.

Subsequently, Mr. Sanchez filed a timely *pro se* appeal for the purpose of contesting the degree or extent of downward departure the district court exercised in sentencing him. Thereafter, his appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), concluding Mr. Sanchez's "appeal is frivolous in that there is no viable challenge to the rulings made by the district court at sentencing," and requesting permission to withdraw from representation of Mr. Sanchez. Specifically, Mr. Sanchez's counsel contends this court lacks jurisdiction to consider Mr. Sanchez's appeal as the district court acknowledged its power to depart downward, exercised such power to depart, and imposed "a sentence below the otherwise applicable guideline range." Although the holding in *Anders* entitles the defendant to raise additional points in response to counsel's *Anders* brief and such opportunity was given in this case, Mr. Sanchez made no such filing. *Id.*

It is clear this court lacks jurisdiction to review the district court's discretionary decision to deny a request for downward departure "unless it appears from the record the sentencing court erroneously believed the [United States Sentencing] Guidelines did not permit a downward departure." *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995) (applying standard to denial of downward departure based on defendant's criminal history category). Similarly, when a district court grants a motion to depart downward, the degree of departure may not be reviewed by this court absent an incorrect application of the sentencing guidelines. *See United States v. Bromberg*, 933 F.2d 895, 896-97 (10th Cir. 1991).

In this case, the district court readily recognized its discretionary power to grant a downward departure, as evidenced by its exercise of that power when departing downward under United States Sentencing Guideline §4A1.3(b), based on a finding Mr. Sanchez's criminal history category over-represented the likelihood he would commit further crimes. In so doing, the district court departed downward from a criminal history category of V to a criminal history category of IV.

As to its application of other applicable sentencing guidelines, the district

court determined the basic offense level for Mr. Sanchez's violation of 28 U.S.C. § 922(g)(1) under U.S.S.G. §2K2.1(a)(2) was 24, because he sustained at least two felony convictions for crimes of violence. The district court then increased the offense level by two levels under U.S.S.G. §2K2.1(b)(1)(A) for possession of three firearms and reduced it three levels under U.S.S.G. §3E1.1(a) for acceptance of responsibility, for a total offense level of 23. Applying an offense level of 23 to a criminal history category of IV, the sentencing guideline range is seventy to eighty-seven months, which the district court applied in setting Mr. Sanchez's sentence at the lowest end of the sentencing guideline range at seventy months imprisonment. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Based on our review of the record and the absence of any showing of misapplication of the sentencing guidelines, it is clear in this case we lack jurisdiction to review the degree of the district court's downward departure. *See Bromberg*, 933 F.2d at 896-97. Accordingly, we grant counsel's request to withdraw and **DISMISS** Mr. Sanchez's appeal.

                                        **Entered by the Court:**

                                        **WADE BRORBY**
                                        United States Circuit Judge

-4-