**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 1, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LANCE D. THORMAHLEN,

    Defendant-Appellant.

No. 04-8083
(District of Wyoming)
(D.C. No. 03-CR-260-03-D)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Lance Douglas Thormahlen was traveling ninety-four miles per hour on a motorcycle when he lost control and crashed on Interstate 25

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in Converse County, Wyoming. Thormahlen was taken to the hospital, where he underwent surgery for injuries sustained in the accident. At the crash scene, police officers located and seized sixty-nine grams of crystal methamphetamine, a small amount of marijuana, and $3500 in cash. In a subsequent consensual search of Thormahlen's apartment, officers seized sixteen additional grams of methamphetamine, digital scales, drug paraphernalia, approximately $1800 in cash, and a loaded .45 caliber semiautomatic pistol. Thormahlen was a previously convicted felon by virtue of a 1990 conviction for assault with a deadly weapon in California.

Thormahlen pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846. In his written plea agreement, Thormahlen agreed to fully and truthfully cooperate with the government. The government in exchange agreed to dismiss some of the charges in the indictment and, if it determined in its sole discretion that Thormahlen did in fact fully cooperate, to file a motion for a downward departure in accordance with § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e).

At sentencing, the government informed the court that Thormahlen had been "less than candid" with law enforcement about his involvement with drugs,

and that he "offered no value . . . in terms of his potential as a witness." The government also cited letters written by Thormahlen asking others to make statements to the effect that he was not involved in the drug conspiracy.[1] For these reasons, the government asked the court "not to consider anything regarding . . . the drug information" in granting a downward departure. On the other hand, the government acknowledged that Thormahlen had provided accurate information in a Wyoming homicide case and had ultimately testified for the prosecution in that case. The government therefore recommended a two-level downward departure based solely on Thormahlen's assistance in the homicide case.

Thormahlen argued at sentencing for a greater departure based on his assistance both in the drug case and the Wyoming homicide prosecution. The district court, crediting the government's representations regarding Thormahlen's lack of assistance in the drug case, granted only the two levels requested by the government. After the two-level departure, Thormahlen's offense level was twenty-eight. With a criminal history category of III, his sentencing range

---

[1]These letters caused the probation office to recommend a Guidelines enhancement for obstruction of justice.

became 97 to 121 months. The court sentenced Thormahlen to ninety-seven months, the low end of the Guidelines range.[2]

Without notice to his counsel, Thormahlen filed a timely *pro se* notice of appeal. Thormahlen's counsel then filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw. *Anders* holds that counsel, finding a client's appeal to be wholly frivolous upon conscientious examination, may advise the court and request permission to withdraw. *Id.* at 744. The request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant must receive a copy of the brief and be given time to raise any points he chooses. *Id.* This court must then fully examine the record and decide whether the appeal is wholly frivolous. *Id.* If it so finds, the court may grant counsel's request to withdraw and dismiss the appeal. *Id.*

This court permitted Thormahlen to respond to his counsel's *Anders* brief, but no such response was filed. In his notice of appeal, Thormahlen advances two potential issues that he believes give him grounds to appeal. First, he contends that he should have been granted more than a two-level downward departure for his assistance to the government. Second, he contends that the prosecution's

---

[2]Pursuant to the government's 18 U.S.C. § 3553(e) motion, this sentence was below the statutory minimum sentence of 120 months.

failure to move for a greater downward departure was a form of vindictive prosecution. Upon review of the parties' arguments and the entire record on appeal, we find no merit in Thormahlen's contentions and agree with his counsel that there are no non-frivolous appealable issues in this case.[3]

Thormahlen's first argument is beyond this court's jurisdiction to review. The record indicates that the district court acknowledged its discretionary authority to depart downward, and noted that in the past it had departed more than the amount requested by the government. Nevertheless, the district court exercised its discretion in limiting its departure to two levels. The discretionary decision of a district court in choosing the degree of a downward departure is unreviewable on appeal. *United States v. Bromberg*, 933 F.2d 895, 896-97 (10th Cir. 1991). As noted by this court in *Bromberg*, review of the degree of the district court's departure would be inconsistent "with Congress' intent to avoid unnecessary appeals by limiting review of upward departures to defendants and downward departures to the Government." *Id.* at 897.[4]

---

[3]Neither Thormahlen nor his counsel identify the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), as arguably supporting an appeal. We have nevertheless reviewed the record and determined that an appeal premised on *Booker* would be without merit.

[4]Thormahlen alleges in his *pro se* notice of appeal that he was promised "by everyone" a least a five-level downward departure. The record belies this contention. Thormahlen's written plea agreement states that the United States agreed to recommend a downward departure only if it determined, "in its sole discretion, that the Defendant has fully, completely, and truthfully cooperated

-5-

Thormahlen's second argument, that the government's two-level recommendation was the result of a vindictive prosecution, was never argued in the district court and is therefore waived. Thormahlen alleges in his notice of appeal that a Drug Enforcement Administration agent told him that "he would do everything in his power to make sure [Thormahlen] spent at least [ten] years in Federal Prison." Thormahlen speculates that this was the reason why he only received a two-level downward departure. In alleging vindictive prosecution, the defendant has the burden to establish that prosecutorial decisions were made on the basis of the defendant's exercise of a specific legal right. *United States v. Carter*, 130 F.3d 1432, 1443 (10th Cir. 1997). To meet this burden, "the defendant must prove either (1) actual vindictiveness, or (2) a reasonable likelihood of vindictiveness which then raises a presumption of vindictiveness." *Id.* (quotation omitted). Vindictive prosecution claims turn on the specific facts and circumstances present in each case. *See United States v. Raymer*, 941 F.2d

---

with the United States." The agreement further acknowledges that the factors influencing the degree of departure "are impossible to determine at this time," and that "the court should not sentence the Defendant, nor can the Government make a recommendation to the court concerning the Defendant's assistance to authorities, until the completion of the investigation and/or prosecution of other persons who may be involved with the Defendant in criminal activity." At his change of plea hearing, Thormahlen stated that he had read and understood these terms, and that no promises had been made to induce him to sign the agreement. There is no contrary evidence in the record indicating that Thormahlen was promised a five-level reduction even if the district court found he did not fully cooperate with the government.

1031, 1039 (10th Cir. 1991). Because Thormahlen did not raise his vindictiveness prosecution claim in the district court, our review is only for plain error. *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994). Factual disputes, however, do not rise to the level of plain error. *Id.* By failing to raise this argument at sentencing, Thormahlen has waived the issue on appeal.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge