**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Sain McHENRY, Defendant–Appellant.**

**No. 91–4190.**

United States Court of Appeals, Tenth Circuit.

July 6, 1992.

---

4. The trial court adopted the factual findings of the Presentence report.

David J. Jordan, U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Michael W. Jaenish, Salt Lake City, Utah, for defendant-appellant.

Before SEYMOUR, ANDERSON, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant–Appellant Robert Sain McHenry appeals the sentence imposed on him by the district court, arguing that when the court reduced his criminal history category from category VI to category I, it should also have reduced his offense level accordingly. Because we conclude we lack appellate jurisdiction, this case is dismissed.

In July 1990, Defendant pled guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea, defendant acknowledged two prior felony drug convictions in Florida in 1981 and 1984. The district court determined that defendant was a career offender pursuant to U.S.S.G. § 4B1.1 and set his offense level at 35. It further concluded that defendant's criminal history category was VI. Defendant was sentenced to 292 months in prison followed by eight years supervised release.

■ Defendant appealed that sentence. Because it was unclear from the record whether the district court understood it had discretion to depart downward in defendant's criminal history category, this court vacated the sentence and remanded the case. *United States v. McHenry*, 936 F.2d 584 (10th Cir.1991) (Westlaw). Upon remand, the district court reduced defendant's criminal history category from category VI to category I and sentenced him to 168 months imprisonment followed by an eight-year term of supervised release. Defendant now argues in this appeal that when it reduced his criminal history category from category VI to category I, the district court should likewise have reduced his base offense level from 35 to 26.

■ It is established law in this circuit, and in every circuit which has considered the jurisdictional issue, that an appellate court does not have jurisdiction to review a district court's discretionary refusal to depart downward from the sentencing guidelines. *United States v. Soto*, 918 F.2d 882, 883 & n. 2 (10th Cir.1990) (citing cases); *see also United States v. Fox*, 943 F.2d 1218, 1218 (10th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 218, 116 L.Ed.2d 176 (1991); *United States v. Bromberg*, 933 F.2d 895, 896 (10th Cir.1991); *United States v. Lowden*, 905 F.2d 1448, 1449 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990); *United States v. Richardson*, 901 F.2d 867, 870 (10th Cir.1990) (citing cases); *United States v. Davis*, 900 F.2d 1524, 1528–30 (10th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990).

Casting departure-related decisions as misapplications of the guidelines will not cure this jurisdictional defect. *Bromberg*, 933 F.2d at 896.

[I]f we were to interpret section 3742(a)(2) to allow appeals for departure-related decisions as incorrect applications of the guidelines, we would render section 3743(a)(3) redundant. Because Congress could not have intended such a specific provision to be mere surplusage, we conclude that Congress did not intend for departure-related decisions, including refusals to depart, to be appealable under section 3742(a)(2).

*Davis*, 900 F.2d at 1529 (quoting *United States v. Franz*, 886 F.2d 973, 978 (7th Cir.1989)); *see also United States v. Hazel*, 928 F.2d 420, 423 (D.C.Cir.1991).

Defendant here does not complain that the district court failed to depart from the guidelines but that the scope of the departure was inadequate. Neither a failure to depart, nor the extent of the departure when one occurs, confers jurisdiction on this court. *Bromberg*, 933 F.2d at 896; *see also Hazel*, 928 F.2d at 424.

Defendant argues that we should apply the analysis outlined by this court in *United States v. White*, 893 F.2d 276 (10th Cir.1990). *White*, however, involved a defendant's challenge to an upward departure by the sentencing court and thus did not present the jurisdictional problem present here.

We hold we lack jurisdiction to hear defendant's claim under 18 U.S.C. § 3742. This appeal is therefore DISMISSED.