13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leif Eric JORGENSEN, Defendant-Appellant.
 No. 93-2142.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendant Leif Eric Jorgensen pleaded guilty to one count of possession with intent to distribute less than fifty kilograms of marijuana, 21 U.S.C. 841(a)(1), (b)(1)(D), and now appeals his sentence. He asserts that the district court incorrectly sentenced him as a career offender under U.S.S.G. 4B1.1(F) rather than as a career offender under U.S.S.G. 4B1.1(G), and also asserts the court erroneously denied his motion for a downward departure. We have jurisdiction under 18 U.S.C. 3742, and we affirm.
 
 
 2
 Defendant's first assertion is that subsection (G) rather than subsection (F) of the career offender guideline is applicable to his conviction. Defendant does not contest the fact that his prior convictions place him squarely within the career offender guideline and also admits subsection (F) is "technically" applicable, but then argues that subsection (G) is more "equitably" applicable because Defendant possessed only 5.7 kilograms of marijuana, making it unlikely that he would be sentenced to the five-year statutory maximum.
 
 
 3
 Defendant fails to cite any authority, and we find none, for the proposition that a district court has the authority to ignore the sentencing guidelines in favor of equitable considerations. Because the maximum term of imprisonment under 21 U.S.C. 841(b)(1)(D) for possession with intent to distribute less than 50 kilograms of marijuana is five years, U.S.S.G. 4B1.1(F) was applicable in this case, and the district court was bound to apply it. See U.S.S.G. 4B1.1 and Application Note 2.
 
 
 4
 Defendant's second assertion is that the district court erred in denying his motion for a downward departure. A district court's discretionary refusal to depart downward is generally not reviewable on appeal, United States v. McHenry, 968 F.2d 1047, 1048 (10th Cir.1992), unless the court's refusal was based on a mistaken or incorrect belief that it was without authority to depart, United States v. Slater, 971 F.2d 626, 634 (10th Cir.1992). Defendant argues that the district court erroneously believed it was without authority to depart from the guidelines. However, in denying Defendant's downward departure motion, the district court stated:
 
 
 5
 [T]he sentencing guidelines determined the sentence based on both criminal conduct and criminal history. The defendant's criminal history category is consistent with his numerous criminal convictions and is not over-represented. Therefore, a downward departure is not warranted.
 
 
 6
 It is clear from this statement that the district court was aware of its authority to depart and elected not to do so. Therefore, the court's refusal to grant a downward departure is unreviewable in this court.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3