**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DARRIN L. ROBINSON also known
as Rick Lee, also known as Darrin L.
Lloyd,

      Defendant-Appellant.

No. 96-3346
(D.C. No. 95-40074-01-RDR)
(Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

    Darrin L. Robinson pled guilty to two counts of armed robbery in violation

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of 18 U.S.C. § 1951, and one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The government filed a motion under U.S.S.G. § 5K1.1 for a downward departure of two years from the minimum guideline otherwise applicable to Mr. Robinson based upon his substantial assistance to the government. The district court chose to depart slightly below the government's recommendation. Mr. Robinson appeals. His counsel has determined that the appeal is wholly frivolous, and has accordingly filed a motion to withdraw as counsel and an Anders brief outlining Mr. Robinson's argument. See Anders v. California, 386 U.S. 738, 744 (1967).

In his Anders brief, Mr. Robinson's counsel argues only that the sentencing court abused its discretion in failing to grant a greater degree of departure because the facts warranting departure were particularly compelling. Counsel recognizes, however, that this court has consistently held it is without jurisdiction to review such a claim. Pursuant to Anders, we provided Mr. Robinson a copy of counsel's Anders brief and allowed him time "to raise any points that he chooses." Id. Mr. Robinson has chosen not to respond. Anders holds that if we find Mr. Robinson's appeal wholly frivolous, we should grant counsel's request to withdraw and proceed to a decision on the merits. Id.

A defendant may appeal a sentence imposed pursuant to the sentencing guidelines if the sentence was imposed in violation of the law, was imposed as a

result of an incorrect application of the guidelines, or was greater than that specified in the applicable guideline. 18 U.S.C. § 3742(a). We have consistently rejected the assertion that a complaint about the degree of downward departure, whether cast as a violation of the law or a misapplication of the guidelines, is reviewable. See, e.g., United States v. McHenry, 968 F.2d 1047, 1048 (10th Cir. 1992); United States v. Bromberg, 933 F.2d 895, 897 (10th Cir. 1991). Consequently, we are clearly without jurisdiction under section 3742(a) to consider Mr. Robinson's argument.[1] The appeal is thus wholly frivolous.

We grant counsel's request to withdraw and **DISMISS** the appeal for lack of jurisdiction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] While the degree of departure must be reasonable, the matter is committed to the discretion of the sentencing court and in most cases is entitled to substantial deference upon review in an appeal by the government. See United States v. Collins, No. 96-5039, 1997 WL 437152, at *4-*5 (10th Cir. Aug. 5, 1997). Our review here reveals that the district court was aware of its authority to depart downward and carefully considered all the relevant factors in determining the degree of departure. Accordingly, were we able to consider the merits, we would find no abuse of discretion requiring that the sentence be vacated.