**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

       v.

SABRINA EDDINGS, also known as
Sabrina Smith,

       Defendant - Appellant.

No. 97-1207

(D. Colorado)

(D.C. No. 96-CR-445-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sabrina Eddings, a.k.a. Sabrina Smith, appeals her 60-month sentence imposed following a plea of guilty to one count of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). She argues the district court erred in failing to grant her the full extent of the departure the government sought for her substantial assistance and in including as relevant conduct a drug transaction involving her co-defendant. The government has filed a motion to supplement the record with a transcript of the change of plea hearing conducted on January 17, 1997. We grant the motion and affirm Ms. Eddings' sentence.

## I. Downward Departure for Substantial Assistance

Ms. Eddings pled guilty pursuant to a plea agreement with the government, in which the government agreed to dismiss the other counts against Ms. Eddings and move, pursuant to U.S.S.G. § 5K1.1, for a downward departure of one-third to one-half from the lower end of the guideline range, based upon Ms. Eddings' substantial assistance to the government. The government subsequently filed the § 5K1.1 motion, requesting a downward departure of approximately 50%, which would result in a 44-month sentence. At the sentencing hearing held that same day, the court declined to depart downward to the full extent requested by the

government, settling instead on a 60-month sentence, which represented a downward departure of approximately 25%.

Ms. Eddings challenges that decision, arguing it resulted in an "incorrect application of the guidelines." Appellant's Opening Br. at 7. A defendant can appeal a guidelines sentence if the sentence was imposed in violation of the law, was imposed as a result of an incorrect application of the guidelines, or was greater than that specified in the applicable guideline. 18 U.S.C. § 3742(a). We have repeatedly rejected the argument that a complaint about the degree of downward departure, whether cast as a violation of the law or a misapplication of the guidelines, is reviewable. See, e.g., United States v. McHenry, 968 F.2d 1047, 1049 (10th Cir. 1992); United States v. Bromberg, 933 F.2d 895, 897 (10th Cir. 1991). We therefore lack jurisdiction to consider Ms. Eddings' argument.[1]

## II. Relevant Conduct

Ms. Eddings pled guilty to count 3 of the superseding indictment, which involved a sale of cocaine by Ms. Eddings to a confidential informant on October 7, 1996. Ms. Eddings' co-defendant, William Walton, pled guilty to

---

[1]Furthermore, we reject her rather vague arguments that there was an incorrect application of the guidelines in this case. The record belies her argument that there was a discrepancy between the offense level as stated at the sentencing hearing and as stated in the court's written findings, nor was there a violation of the guideline relating to the acceptance of plea agreements.

count 5 of the superseding indictment, which involved a sale of cocaine to the informant on October 9, 1996. The presentence report for Ms. Eddings treated the October 9 sale as relevant conduct. Ms. Eddings objected to that recommendation. She argues on appeal that the district court erred in considering that sale as relevant conduct.

"We review for clear error district court factual findings regarding drug quantities and whether certain conduct is relevant conduct under the guidelines." United States v. Richards, 27 F.3d 465, 468 (10th Cir. 1994). Relevant conduct includes all acts that were part of the same course of conduct or scheme or plan as the offense of conviction, "'regardless of whether the defendant was convicted of the underlying offenses pertaining to the additional amounts.'" United States v. Roederer, 11 F.3d 973, 978-79 (10th Cir. 1993) (quoting United States v. Rutter, 897 F.2d 1558, 1562 (10th Cir. 1990)).[2] In determining whether certain acts are relevant conduct for sentencing purposes, "'the sentencing court is to consider such factors as the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a

---

[2]It is therefore irrelevant that, in the plea agreement, the government conceded that "it is questionable whether the Government could readily prove Defendant's guilt as to Count Five." Plea Agreement and Stipulation of Facts Relevant to Sentencing at 4, R. Vol. 3.

behavior pattern.'" Id. at 979 (quoting United States v. Santiago, 906 F.2d 867, 872 (2d Cir. 1990)).

At the sentencing hearing, the court heard testimony from Mr. Walton and reviewed tape recordings made of conversations between the informant and Ms. Eddings and the informant and Mr. Walton on October 7 and 9. The court made the following findings:

> After the October 7, 1996 drug transaction, [ ] which the defendant does not deny as relevant conduct, the defendant told the [confidential informant] that if he wanted more crack, he could get the crack from an individual identified as Lynch. She gave the [informant] Lynch's name and pager number, as counsel has just pointed out.
> Nevertheless, the [informant] continued to contact her. And so the question is, is she responsible for that, or did she withdraw from the conspiracy? She clearly did not withdraw from the conspiracy. She clearly remained responsible for this.
> On October 9, the [informant] contacted her by way of pager and arranged for the purchase of crack cocaine.
> . . .
> The confidential informant confirms with the defendant that the defendant will have the zone, one ounce of crack cocaine, on the 9th.
> The defendant tells the confidential informant that the price is 1050, meaning 1050. She doesn't say, I told you to call somebody else; she doesn't say, it's not available; she doesn't say, I don't know anything about it; she says the price is 1050.
> On October 9, 1996 at 12:45 p.m., the [informant] returned a pager call containing the defendant's personal pager code. She must have put in her personal pager code. She didn't withdraw, she didn't give the call to anybody else, she put in her personal pager code.
> The defendant states on the tape that she will be there in the next 30 minutes and verified that the price was 1050.
> There was a second call in which the [informant] returned the pager call. The pager call once again had the defendant's personal

pager code, in addition to the prearranged price for the crack cocaine, which was 1050.  This time Mr. Walton answers the phone.  This time he says "Sabrina put in his code."

It is clear to me, not by a preponderance of the evidence, but beyond a reasonable doubt, that she was involved in this sale. . . . She had been dealing drugs with Mr. Walton over a period of time, that was got—that was obtained from Mr. Walton's testimony, if it wasn't clear from the presentence report.  And she did not effectively withdraw from dealing drugs.  This is not a situation where she was trying to get out of it.  She remained involved, clear through the time that Mr. Walton actually contacted and consummated the transaction.

The fact that she was not present is of no significance.

I don't have any problem in concluding that the relevant conduct in this case includes the October 9 transaction.  And I don't believe any inference to the contrary should be drawn.

Transcript of Sentencing Hr'g at 22-24, R. Vol. 2.  We have reviewed the record in this case, which amply supports the district court's findings and conclusions. The court did not err in treating the October 9 sale as relevant conduct.

For the foregoing reasons, we AFFIRM the district court's decision imposing a 60-month sentence.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge