**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS W. HARRIS,

    Defendant-Appellant.

No. 98-3291
(District of Kansas)
(D.C. No. 96-CR-40082-SAC)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Defendant, Thomas W. Harris, and a co-defendant were named in a six
count indictment filed on November 20, 1996 in the United States District Court

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for the District of Kansas. Pursuant to a plea agreement entered into between Harris and the government, Harris pleaded guilty to three counts of robbery in violation of 18 U.S.C. §§ 1951, and two counts of possession of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c). In exchange for Harris' guilty plea, the government agreed to dismiss the sixth count contained in the indictment. The government also agreed to file a motion for downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines if it determined that Harris provided substantial assistance to the government in its investigation and prosecution of Harris' co-defendant. Harris agreed not to request a sentence of less than thirty years. The plea agreement was accepted by the district court.

Prior to sentencing, the government filed a motion in which it requested the district court to depart downward from 121-151 months to sixty months on three of the counts to which Harris pleaded guilty. The district court granted the motion and sentenced Harris to thirty years imprisonment. Harris appeals the length of his sentence alleging that it is too long.

Harris' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), wherein counsel advises this court that Harris' appeal is wholly frivolous. Accordingly, counsel has also filed a motion to withdraw. Harris has been given notice of the *Anders* brief and counsel's motion to withdraw. Harris has failed to respond to this notice.

We construe the issue on appeal to be whether the district court abused its discretion by not departing downward beyond the sentence recommended by the government in its § 5K1.1 motion for downward departure. Harris does not argue that he did not enter into the plea agreement knowingly and willingly.

Harris may appeal the sentence he received if it was imposed in violation of the law, as a result of an incorrect application of the United States Sentencing Guidelines, or was greater than that specified in the applicable guideline. *See* § 18 U.S.C. § 3742(a). However, this court lacks jurisdiction to review an appeal involving the extent of a downward departure. *See United States v. McHenry*, 968 F.2d 1047, 1049 (10th Cir.1992). Harris raises no other issues on appeal.

Accordingly, this court lacks jurisdiction to review Harris' sentence. The appeal is wholly frivolous.

Counsel's motion to withdraw is **granted**. The appeal is **dismissed** for lack of jurisdiction.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

-3-