F I L E D
United States Court of Appeals
Tenth Circuit

MAR 15 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTIN RONQUILLO-HERRERA,
also known as MARTIN H.
RONQUILLO,

Defendant-Appellant.

No. 00-3221
(D.C. No. 00-CR-10008-01-JTM)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO, ANDERSON,** and **BALDOCK,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

The defendant was convicted, following the entry of a guilty plea, of

unlawful reentry of a deported alien. The government recommended a three point

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

reduction for acceptance of responsibility, *see* U.S.S.G. S 3E1.1, and moved for a downward departure of two levels pursuant to U.S.S.G. § 5K1.1.  At the sentencing hearing, defense counsel argued for a more extensive departure.  The district followed the government's recommendation and granted its motion for the two level departure, sentencing the defendant to 60 months incarceration.  We dismiss for lack of jurisdiction.

The defendant appeals the district court's denial of his request for a more extensive downward departure.  Defense counsel has filed an *Anders* Brief and a motion to withdraw, suggesting that the court is without jurisdiction to review the sentence.  *See Anders v. California*, 386 U.S. 738 (1967).  The defendant has not filed a response to the brief and motion submitted by counsel, although he was provided with a copy of counsel's response and given an opportunity "to raise any points he chooses."  *Anders*, 360 U.S. at 744.

It is well established that this court lacks jurisdiction to review the extent of a downward departure.  *United States v. Fortier*, 180 F.3d 1217, 1230 (10th Cir. 1999).  *See also United States v. McHenry*, 968 F.2d 1047, 1048-49 (10th Cir. 1992) (holding that this court lacks jurisdiction to review the district court's decision to reduce only the defendant's criminal history category and not the base offense level as well in deciding to grant a downward departure).  The defendant does not point to any error of law or misapplication of the sentencing guidelines.

*See* 18 U.S.C. § 3742(a)(1) & (2) (a defendant may appeal a sentence which "was imposed in violation of the law," or "as the result of an incorrect application of the sentencing guidelines...."). Accordingly, we have no jurisdiction to entertain this appeal.

Defense counsel's motion to withdraw is granted and the appeal is **DISMISSED**. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge