**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE A. CHAVIRA-MONTES,

Defendant-Appellant.

No. 00-3384
(D.C. No. 00-CR-10057-01-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK,** Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The defendant appeals the district court's denial of his request for a more extensive downward departure in his sentence. We dismiss for lack of jurisdiction.

The defendant was convicted, following the entry of a guilty plea, of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. The government moved for a downward departure based on the defendant's substantial assistance. *See* U.S.S.G. § 5K1.1. In its written motion, the government did not recommend a specific degree of departure but merely requested that the sentence be "reduced to a level that is deemed appropriate by the Court." At the sentencing hearing, defense counsel argued for a sentence within 56 and 70 months. The government in response to inquiry from the court suggested a sentence of between 84 and 90 months. The court sentenced the defendant to 80 months.

Defense counsel has filed an *Anders* Brief and a motion to withdraw, suggesting that the court is without jurisdiction to review the sentence. *See Anders v. California*, 386 U.S. 738 (1967). The defendant has not filed a response to the brief and motion submitted by counsel, although he was provided with a copy of counsel's brief and given an opportunity "to raise any points he chooses." *Anders*, 360 U.S. at 744.

It is well established that this court lacks jurisdiction to review the extent of a downward departure. *United States v. Fortier*, 180 F.3d 1217, 1230 (10th Cir. 1999). *See also United States v. McHenry*, 968 F.2d 1047, 1048-49 (10th Cir. 1992) (holding that this court lacks jurisdiction to review the district court's decision to reduce only the defendant's criminal history category and not the base offense level as well in deciding to grant a downward departure). The defendant does not point to any error of law or misapplication of the sentencing guidelines. *See* 18 U.S.C. § 3742(a)(1) & (2) (a defendant may appeal a sentence which "was imposed in violation of the law," or "as the result of an incorrect application of the sentencing guidelines...."). Accordingly, we have no jurisdiction to entertain this appeal.

Defense counsel's motion to withdraw is granted and the appeal is **DISMISSED**. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge