**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAUL GALARZA-CANAS, also
known as Raul Canas Galarza, also
known as Gabriel Carnales Pena,

Defendant-Appellant.

No. 01-1154
(D.C. No. 00-CR-345-N)
(D. Colo.)

---

ORDER AND JUDGMENT  *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

Defendant Raul Galarza-Canas appeals his conviction and sentence for

illegally reentering the United States after deportation, in violation of 8 U.S.C.

§ 1326(a).  Violation of this statute carries a base prison sentence of two years,

but § 1326(b)(2) provides for prison terms of up to twenty years for aliens who

---

*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

reenter the country illegally and have a previous aggravated felony conviction. Defendant stipulated that he had been convicted of two prior aggravated felonies. He was convicted following a jury trial and sentenced to 125 months imprisonment. We have jurisdiction over the appeal of his conviction pursuant to 28 U.S.C. § 1291. With regard to the appeal of his sentence, we have jurisdiction over his "acceptance of responsibility" claim pursuant to 18 U.S.C. § 3742(a), but conclude we have no jurisdiction over his "downward departure" claim.

Defendant's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. Anders holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. Id. In the Anders brief, defendant's counsel raises an appellate issue regarding the government's preemptory challenge of a juror who was Hispanic. As required, a copy of counsel's Anders brief and motion to withdraw were provided to defendant, see id., who filed a pro se brief, raising two sentencing issues. Pursuant to our duty under Anders, we have conducted an independent review of defendant's proceedings. Id. Because we agree that there are no non-frivolous issues on appeal, we grant counsel's motion to withdraw and affirm defendant's conviction and sentence.

Defendant first contends that the district court erred in granting the government's peremptory challenge of an Hispanic juror, claiming the juror was improperly excluded solely on the basis of his race. See Batson v. Kentucky, 476 U.S. 79, 89 (1986) (precluding use of peremptory challenge to exclude potential juror solely on the basis of race). After defendant raised a Batson challenge to the juror's exclusion, the government explained that it struck the juror because he was a convicted felon and had stated, on voir dire questioning, that he did not believe his case had been fairly investigated or handled by the government and that his resentment of the government might affect his view of defendant's case. Defendant did not offer any argument or fact to show the government's explanation was pretextual. We conclude the district court did not err in finding the government offered a race-neutral explanation and that defendant failed to show the reason was a pretext for race discrimination. See United States v. Sneed, 34 F.3d 1570, 1578–80 (10th Cir. 1994) (explaining three-step Batson analysis).

Defendant next challenges his sentence, referring generally in his pro se supplementary brief to a motion filed by his trial counsel "disputing the points used by the government to increase [his] sentence." (Supplemental Opening Br. at 1.) Defendant's trial counsel actually filed two motions requesting a downward adjustment or departure. In one, counsel requested a two-level reduction from

defendant's base offense level for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines, claiming he was entitled to such a reduction because he stipulated to the fact that he was found in this country on the date and at the place charged and that he had two prior aggravated felony convictions. The district court denied the two-level reduction under § 3E1.1, finding "absolutely no evidence that the defendant [had] really accepted responsibility. . . . Indeed, he's almost defiant in his position that he's in this country no matter what the law says. . . ." (R. Supp. Vol. 3, at 7–8.)

We review the acceptance of responsibility determination as a question of fact under the clearly erroneous standard. United States v. Janusz, 135 F.3d 1319, 1325 (10th Cir. 1998); see also U.S.S.G. § 3E1.1, cmt. n.5 (stating that trial court's determination of whether a defendant has accepted responsibility is subject to great deference on review). The fact that defendant chose to go to trial does not automatically bar him from receiving a downward adjustment for acceptance of responsibility; there may be "rare" situations where "a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." U.S.S.G. § 3E1.1, cmt. n.2. This is not that rare situation. Although defendant stipulated to his past aggravated felonies so that evidence of these crimes would not be presented to the jury, he did not admit to illegally reentering the country after deportation or

otherwise accept responsibility for his actions. We find no error in the district court's determination not to grant this requested two-level reduction.

In the second motion filed by defendant's trial counsel, defendant requested a downward departure from criminal history category VI under U.S.S.G. § 4A1.3, claiming that category VI significantly over-represented the seriousness of his criminal history. Specifically, he claimed that several of his twenty-seven criminal convictions were almost ten years old and several were for non-serious misdemeanors and minor felonies. The district court denied defendant's request for a downward departure under U.S.S.G. § 4A1.3, finding that defendant's criminal history was a "strong" category VI and that even if it ignored some parts of his criminal history, defendant would still remain in category VI. (R. Supp. Vol. 3, at 9.) It is well-established law in this circuit that an appellate court does not have jurisdiction to review a district court's discretionary refusal to depart downward from the sentencing guidelines unless the district court misunderstands its authority to depart. United States v. McHenry, 968 F.2d 1047, 1048 (10th Cir. 1992). There is nothing in the record to suggest that the district court misunderstood its authority to depart downward under U.S.S.G. § 4A1.3. Thus, we lack jurisdiction to consider this allegation of error. [1]

---

[1] Defendant makes a general reference to the Supreme Court's recent decision in INS v. St. Cyr, 533 U.S. 289 (2001), apparently in the mistaken belief
(continued...)

Counsel's motion to withdraw is **GRANTED**. Defendant's conviction and sentence are **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[1](...continued)
that something in that decision invalidates some of his criminal history category points. He includes no arguments as to how he believes this decision relates to his conviction or sentence and we will not attempt to invent arguments on his behalf. Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").