**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAUL GALARZA-CANAS, also known
as Raul Canas Galarza, also known as
Gabriel Carnales Pena,

    Defendant-Appellant.

No. 03-1049
(D.C. Nos. CIV-02-N-2182,
00-CR-345-N)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

Defendant Raul Galarza-Canas, a federal prisoner appearing pro se, seeks a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct sentence. We deny his request for a COA

and dismiss the appeal.

Defendant was convicted of illegal reentry after deportation in violation of 8

U.S.C. § 1326(a) and was sentenced to 125 months in prison. We affirmed his conviction

and sentence on direct appeal. See United States v. Galarza-Canas, 2002 WL 102634

(10th Cir. 2002). In his § 2255 motion, defendant contended the district court should

have departed downward at sentencing because "his criminal history category

exaggerated the gravity of his earlier criminal activities." ROA, Doc. 98 at 2. The

district court denied the motion, finding downward departure was addressed by the

district court prior to sentencing, and by this court on direct appeal. The court further

found that the issue was not properly raised in a § 2255 motion because defendant did not

claim that his "sentence was imposed in violation of the Constitution of the United States,

or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." ROA, Doc. 99 at 2 (quoting 28 U.S.C. § 2255).

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 123 S. Ct. 1029, 1039

(2003). A COA can issue only "if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 123 S. Ct. at 1034. After careful review of the record, we conclude the requirements for issuance of a COA have not been met.

We DENY the request for a COA and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge